UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
BRADLEY WADE BUTLER,
Plaintiff,
v. Case No. _____
NATIONAL CREDIT SYSTEMS, INC., of GA
Defendant.

_____/

COMPLAINT AND JURY DEMAND

Plaintiff Bradley Wade Butler, by and through counsel, for his Complaint against Defendant National Credit Systems, Inc., states as follows:

## NATURE OF THE ACTION

1.  This action arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

2.  Defendant National Credit Systems, Inc., of GA ("NCS") is a debt collector that undertook the collection of an alleged consumer debt purportedly arising from Plaintiff's former residential tenancy at a mobile home park located in Norton Shores, Michigan.

3.  Defendant has attempted to collect, has communicated, and continues to communicate to third parties an alleged consumer debt in the approximate amount of $6,815.00.

4.  Defendant has furnished and continues to furnish information concerning the alleged debt to consumer reporting agencies, including Experian.

5.  The debt reported and collected by Defendant includes charges that are false, inflated, unsupported, duplicative, disputed, and otherwise not legally owed by Plaintiff.

6.  The alleged debt arises from a move-out damage assessment generated after Plaintiff surrendered possession of the leased premises on or about September 15, 2025.

7.  Plaintiff resided at the premises for approximately seven years.

8.  During Plaintiff's tenancy, the landlord conducted recurring inspections of the premises commonly referred to as Gold Key inspections.

9.  Throughout Plaintiff's tenancy, those inspections did not identify the extensive damage later claimed by the landlord following Plaintiff's move-out.

10. Following Plaintiff's move-out, the landlord generated a damage assessment exceeding $7,100.00, applied Plaintiff's security deposit, and asserted that Plaintiff remained responsible for an alleged balance of approximately $6,815.00.

1

11. The charges comprising the alleged balance included cleaning charges, yard cleanup charges, smoke detector charges, wall repair charges, repainting charges, carpet replacement charges, post-surrender rent charges, month-to-month fees, and other assessments.

12. Plaintiff disputes the validity, accuracy, and legal enforceability of those charges.

13. Plaintiff disputes cleaning and yard maintenance charges because the premises were cleaned and maintained before surrender of possession.

14. Plaintiff disputes smoke detector charges because the smoke detectors had previously been replaced before move-out.

15. Plaintiff disputes charges for wall repairs, repainting, and carpet replacement because those repairs had previously been completed following a water-heater failure occurring months before move-out.

16. Plaintiff disputes post-surrender rent charges and month-to-month fees because possession of the premises had already been surrendered before such charges were assessed.

17. Upon information and belief, the landlord referred the alleged debt to Defendant for collection.

18. Defendant thereafter undertook collection activities concerning the alleged debt.

19. Defendant reported the alleged debt to Experian as a collection account in the approximate amount of $6,815.00 and identified Norton Shores MHP as the original creditor.

20. The collection account appears on Plaintiff's Experian credit report and continues to be reported.

21. Defendant has represented to consumer reporting agencies and other third parties that Plaintiff owes a collection debt in the approximate amount of $6,815.00.

22. Plaintiff disputes that the amount reported by Defendant reflects a valid, accurate, or legally enforceable debt.

23. Defendant's reporting and collection activities have damaged Plaintiff's credit profile, credit reputation, and creditworthiness.

24. Plaintiff seeks actual damages, statutory damages, attorney fees, costs, and all other relief authorized by the FDCPA.

## JURISDICTION AND VENUE

25.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

2

26.	This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), which authorizes actions to enforce liability created by the Fair Debt Collection Practices Act.

27.	Venue is proper in the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1391(b).

28.	A substantial part of the events and omissions giving rise to Plaintiff's claims occurred within this District.

29.	The underlying residential tenancy was located in Norton Shores, Muskegon County, Michigan.

30.	The alleged debt arose from that tenancy.

31.	The collection activities complained of herein were directed toward Plaintiff within this District.

32.	The injuries and damages suffered by Plaintiff occurred within this District.

## PARTIES

33.	Plaintiff Bradley Wade Butler is an individual residing in Muskegon County, Michigan.

34.	Plaintiff is a natural person and a consumer as contemplated by the Fair Debt Collection Practices Act.

35.	Defendant National Credit Systems, Inc. is a foreign corporation engaged in the business of collecting consumer debts.

36.	Defendant regularly collects or attempts to collect debts allegedly owed or due another.

37.	Defendant regularly uses the mails, interstate telephone communications, electronic communications, and other instrumentalities of interstate commerce in connection with the collection of consumer debts.

38.	At all times relevant to this action, Defendant acted as a debt collector with respect to the alleged debt at issue.

39.	Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).

40.	At all times relevant to this action, Defendant engaged in collection activities concerning the alleged debt described herein and furnished information regarding that debt to one or more consumer reporting agencies.

## FACTUAL ALLEGATIONS

41. Plaintiff formerly resided at a mobile home located within the Norton Shores mobile home park in Norton Shores, Michigan.

42.	Plaintiff occupied the premises for approximately seven years prior to vacating the property.

43.     During Plaintiff's tenancy, the landlord conducted recurring inspections of the premises commonly referred to as Gold Key inspections.

44.     The Gold Key inspections were intended to identify maintenance issues, lease violations, safety concerns, property damage, and conditions requiring correction.

45.     Throughout Plaintiff's tenancy, the landlord did not identify the extensive damages later claimed following Plaintiff's move-out.

46.     Plaintiff maintained the premises throughout his tenancy and addressed issues brought to his attention by the landlord.

47.     Plaintiff vacated and surrendered possession of the premises on or about September 15, 2025.

48.     Following Plaintiff's move-out, the landlord generated a move-out damage assessment exceeding $7,100.00.

49.     The landlord thereafter applied Plaintiff's security deposit toward the alleged charges.

50.     After applying the security deposit, the landlord asserted that Plaintiff remained responsible for an alleged balance of approximately $6,815.00.

51.     The charges comprising the alleged balance included cleaning charges, yard cleanup charges, smoke detector charges, wall repair charges, repainting charges, carpet replacement charges, rent charges assessed after surrender of possession, month-to-month fees assessed after surrender of possession, and other miscellaneous charges and assessments.

52.     Plaintiff disputes the validity, accuracy, and legal enforceability of the charges comprising the alleged balance.

53.     Plaintiff specifically disputes the cleaning charges because the premises were cleaned before surrender of possession.

54.     Plaintiff specifically disputes the yard cleanup charges because the property was maintained prior to move-out.

55.     Plaintiff disputes the smoke detector charges because the smoke detectors had previously been replaced before Plaintiff vacated the premises.

56.     Plaintiff disputes the charges relating to wall repairs, repainting, and carpet replacement because those repairs had previously been completed following a water-heater failure that occurred months before move-out.

57.     Plaintiff disputes the assessment of post-surrender rent charges because possession of the premises had already been surrendered.

4

58.    Plaintiff disputes the assessment of month-to-month fees because possession of the premises had already been surrendered when those fees were assessed.

59.    Plaintiff disputes that the alleged balance accurately reflects any legitimate damages attributable to Plaintiff.

60.    Plaintiff disputes that the alleged balance accurately reflects any legally enforceable obligation owed by Plaintiff.

61.    Upon information and belief, the landlord referred the alleged debt to Defendant National Credit Systems, Inc. for collection.

62.    On January 8, 2026, Plaintiff, through counsel, transmitted a detailed written dispute to Defendant specifically identifying and disputing substantial portions of the alleged debt, including charges for wall repairs, repainting, and carpet replacement, and explaining that those repairs had previously been completed in connection with a water-heater failure occurring months before move-out. Plaintiff further advised Defendant that the disputed charges were false, unsupported, duplicative, or otherwise not legally collectible and demanded that collection and credit-reporting activity cease pending substantiation of the claimed charges.

63.    Defendant thereafter undertook collection activities concerning the alleged debt.

64.    Defendant sought to collect the alleged balance as a consumer debt arising from Plaintiff's former residential tenancy.

65.    Defendant communicated with Plaintiff concerning the alleged debt.

66.    Defendant furnished information concerning the alleged debt to one or more consumer reporting agencies.

67.    Defendant represented that Plaintiff owed approximately $6,815.00 arising from the alleged move-out damages and related charges.

68.    Defendant reported the alleged debt despite the disputed nature of the charges comprising the reported balance.

69.    The collection notice, damage assessment, security deposit accounting, and relevant portions of Plaintiff's Experian credit report are attached as exhibits and incorporated by reference as though fully set forth herein.

70.    Plaintiff disputes that the amount reported and collected by Defendant reflects a valid, accurate, or legally enforceable debt.

71.    Plaintiff contends that the amount reported and collected by Defendant includes charges that are false, inflated, unsupported, duplicative, disputed, inaccurate, or otherwise not legally collectible.

72.    Plaintiff has never agreed that he owes the amount reported by Defendant.

5

73.     Defendant's collection activities and reporting activities were undertaken in connection with the collection of a consumer debt allegedly arising from a personal residential tenancy.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15  .S.C. § 1692e

74. Plaintiff incorporates by reference Paragraphs 1 through 72 as though fully set forth herein.

75. Defendant falsely represented the character, amount, and legal status of the alleged debt.

76.     Defendant reported and attempted to collect a balance that included disputed charges for cleaning, yard maintenance, smoke detectors, wall repairs, repainting, carpet replacement, post-surrender rent, month-to-month fees, and other charges Plaintiff contends were unsupported, duplicative, inflated, inaccurate, or otherwise not legally collectible.

77.     Defendant represented to consumer reporting agencies and other third parties that Plaintiff owed a collection debt in the approximate amount of $6,815.00.

78.     Defendant identified the alleged debt as a collection account and identified Norton Shores MHP as the original creditor.

79.     Defendant communicated and continued to communicate information concerning the alleged debt despite the disputed nature of the charges comprising the reported balance.

80.     Defendant represented that Plaintiff owed amounts that included charges Plaintiff disputes because:

> a. The premises were cleaned and maintained before surrender of possession;

> b. The smoke detectors had previously been replaced before move-out;

> c. Wall repairs, repainting, and carpet replacement had previously been completed following a water-heater failure occurring months before move-out;

> d. Post-surrender rent charges were assessed after possession of the premises had already been surrendered;

> e. Month-to-month fees were assessed after possession of the premises had already been surrendered; and

> f. The alleged balance otherwise included charges Plaintiff disputes as inaccurate, unsupported, duplicative, inflated, or not legally collectible.

81.     Defendant's representations concerning the amount, character, and legal status of the alleged debt were false, deceptive, misleading, or materially inaccurate.

82.     Defendant used false, deceptive, and misleading representations and means in connection with the collection of a debt.

83.     Defendant violated 15 U.S.C. § 1692e, including but not limited to:

a. 15 U.S.C. § 1692e(2)(A), by falsely representing the character, amount, and legal status of the alleged debt; and

b. 15 U.S.C. § 1692e(10), by using false representations and deceptive means to collect or attempt to collect an alleged debt.

84.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered actual damages, including damage to credit reputation, damage to creditworthiness, impairment of his ability to obtain credit, emotional distress, anxiety, frustration, inconvenience, time expended addressing the collection account, and other consequential damages.

85.    Plaintiff is entitled to recover statutory damages, actual damages, attorney fees, costs, and all other relief authorized by the Fair Debt Collection Practices Act.

## COUNT II
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 .S.C. § 1692f

86.    Plaintiff incorporates by reference Paragraphs 1 through 85 as though fully set forth herein.

87.    Defendant attempted to collect amounts that were not expressly authorized by agreement or otherwise permitted by law.

88.    Defendant sought to collect an alleged debt that included disputed charges for cleaning, yard maintenance, smoke detectors, wall repairs, repainting, carpet replacement, post-surrender rent, month-to-month fees, and other disputed assessments.

89.    Defendant attempted to collect charges that Plaintiff contends were unsupported, duplicative, inflated, inaccurate, or otherwise not legally collectible.

90.    Defendant attempted to collect charges for smoke detectors that had previously been replaced before move-out.

91.    Defendant attempted to collect charges for wall repairs, repainting, and carpet replacement that Plaintiff contends had previously been completed following a water-heater failure occurring months before move-out.

92.    Defendant attempted to collect post-surrender rent charges and month-to-month fees assessed after possession of the premises had already been surrendered.

93.    Defendant attempted to collect an alleged balance that Plaintiff disputes as not representing any legitimate or legally enforceable obligation owed by Plaintiff.

94.    Defendant furnished and continued to furnish information concerning the alleged debt to consumer reporting agencies while seeking collection of the disputed balance.

95.    Defendant utilized unfair and unconscionable means to collect or attempt to collect an alleged debt.

7

96.     Defendant violated 15 U.S.C. § 1692f, including but not limited to 15 U.S.C. § 1692f(1), by attempting to collect amounts not expressly authorized by agreement or otherwise permitted by law.

97.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered actual damages, including damage to credit reputation, damage to creditworthiness, impairment of his ability to obtain credit, emotional distress, anxiety, frustration, inconvenience, time expended addressing the collection account, and other consequential damages.

98.     Plaintiff is entitled to recover statutory damages, actual damages, attorney fees, costs, and all other relief authorized by the Fair Debt Collection Practices Act.

99.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered actual damages.

100.    Defendant's reporting and collection activities have damaged Plaintiff's credit reputation.

101.    Defendant's reporting and collection activities have damaged Plaintiff's creditworthiness.

102.    Defendant's reporting and collection activities have impaired Plaintiff's ability to obtain credit.

103.    Defendant's reporting and collection activities have impaired Plaintiff's ability to obtain favorable credit terms.

104.    Defendant's reporting and collection activities have increased the cost of credit available to Plaintiff.

105.    Defendant's reporting and collection activities have caused Plaintiff emotional distress.

106.    Defendant's reporting and collection activities have caused Plaintiff anxiety, frustration, embarrassment, inconvenience, and mental anguish.

107.    Plaintiff has expended substantial time and effort investigating, disputing, addressing, and responding to the collection activities and credit reporting associated with the alleged debt.

108.    Plaintiff has suffered additional consequential damages in an amount to be proven at trial.

109.    Pursuant to 15 U.S.C. § 1692k(a), Plaintiff is entitled to recover actual damages.

110.    Pursuant to 15 U.S.C. § 1692k(a), Plaintiff is entitled to recover statutory damages.

111.    Pursuant to 15 U.S.C. § 1692k(a)(3), Plaintiff is entitled to recover reasonable attorney fees and costs.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against Defendant and award:

A. Actual damages in an amount to be determined at trial;

B. Statutory damages pursuant to 15 U.S.C. § 1692k;

C. Reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

D. Prejudgment interest as allowed by law;

E. Post-judgment interest as allowed by law;

F. Such other and further legal or equitable relief as the Court deems just and proper.

Respectfully submitted,



_____

Edward J. Newmyer (P42063)
Attorney for Plaintiff
1973 Eloise Drive
Muskegon, Michigan 49444
(231) 206-7315